## 5565.   GRIER v. THE STATE.

Under the act of 1911 providing, as to criminal prosecutions in the city court of Blakely, that if any defendant, "upon the original call of his case," shall demand indictment by grand jury, the court shall bind him over, to await the action of the grand jury (Acts 1911, p. 229), a person against whom an accusation charging a misdemeanor was pending in that court, and who was under bond to appear therein to

answer the accusation, and who failed to appear on the first call of the case, whereupon the judge ordered a forfeiture of his bond, was not entitled thereafter to demand indictment by a grand jury before being placed on trial for the offense charged in the accusation.

DECIDED MAY 14, 1914.

Misdemeanor; from city court of Blakely—Judge Sheffield. February 23, 1914.

*Rambo & Wright,* for plaintiff in error.

*B. R. Collins, solicitor,* contra.

ROAN, J. Grier was charged by an accusation in the city court of Blakely with the offense of a misdemeanor. Upon the original call of the case he was not in court, and the judge ordered a forfeiture of his bond; whereupon the sheriff called the principal and the surety, and called upon the surety to produce the body of the defendant, or the bond would be forfeited. No rule nisi or scire facias was issued. Thereafter on the same day, and shortly after the call of the case, the defendant came into court and the presiding judge again called the case; whereupon the defendant made the following demand: "And now comes the defendant in the above-stated case, at the first call of the above case, when he was present in court, and makes this his demand to be indicted by the grand jury, in and for the county of Early, at the next April term of Early superior court, before he be placed on trial for the offense charged in the accusation filed in the above-stated case. This February 23, 1914. Fed Grier, by his attorneys Rambo & Wright." The judge refused the demand, and forced the defendant to trial without his having been indicted by the grand jury for the offense charged in the accusation, and the trial resulted in a verdict of guilty. He excepts and assigns as error the refusal of his demand and the action of the court in forcing him to trial without indictment, and says that the verdict and judgment were not and could not be a legal termination of the case.

The only legal right the defendant had to demand indictment by the grand jury as a condition precedent to trial is that provided for in section 2 of the act amending the act which created the city court of Blakely (Acts 1911, p. 229), which section is in this language: "If any defendant upon the original call of his case shall demand indictment by grand jury, the court shall bind him over in a reasonable but sufficient bond, to be assessed by the judge of the city court, conditioned that he will personally be and appear to

answer to any true bill, indictment or presentment that may be returned by the grand jury against him in the matter, and the city court shall await the action of the grand jury in the matter; but if the defendant fails to give bond within five days, and remains in jail, the city court may proceed to try the case notwithstanding the demand for indictment. If the grand jury returns a true bill for a misdemeanor in the matter, the judge of the superior court shall transfer the same to the city court for trial." This defendant appears to have been upon bail, and there is no contention that his case was called prematurely or out of its order when called the first time, and no reason appears why he was not present to make his demand for indictment if he so wished. When he did make demand for indictment it was not upon the first or original call, but upon the second call of his case. According to the plain letter of the statute, the right to demand an indictment could only be asserted upon the first and original call.

The action of the court in refusing his demand, made upon the second call of his case, was not erroneous; and, no error other than this being complained of, the judgment is affirmed.

*Judgment affirmed.*

RUSSELL, C. J., dissenting. The act making provision for demand for indictment in the city court of Blakely (Acts of 1911, p. 229, section 2) declares: "If any defendant upon the original call of his case shall demand indictment by grand jury, the court shall bind him over" to "personally be and appear to answer to any true bill, indictment or presentment that may be returned by the grand jury against him in the matter, and the city court shall await the action of the grand jury in the matter; but if the defendant fails to give bond within five days, and remains in jail, the city court may proceed to try the case notwithstanding the demand for indictment." My brethren construe the words "original call" with a degree of literal technicality to which I can not bring myself to agree. According to their construction, the words "original call" refer only to the first time the judge calls the case, regardless of whether the defendant is present or absent, but I can not bring myself to believe that the legislature ever intended to place this limitation upon the defendant's right to demand an investigation of his case by the grand jury. I can not believe the legislature, in giving him the right to demand or waive an indict-

ment, intended that this right might be taken away from him without his knowledge. To my mind the legislature clearly intended to afford a defendant, upon his arraignment, the privilege of having his case investigated by a grand jury before he is put to the hardship of being tried upon a charge which might be either frivolous or unfounded. Accusations even of felonies perhaps might as well be prepared by the prosecuting officer, without action by the grand jury; still our constitution safeguards any citizen from being arraigned for a felony, unless he has been charged by a sworn grand jury of his peers. It is true that in numbers of our sister States, accusations, even of capital offenses, are preferred by the prosecuting attorney on information, and it is also true that in this State there is no constitutional inhibition against proceeding in the same way against one who is charged only with a misdemeanor. *Wright* v. *Davis,* 120 *Ga.* 670 (4), 675 (48 S. E. 170). It can not be denied, however, that the right of demanding that one's case be investigated by a grand jury is rightly esteemed to be a privilege which confers a number of benefits. Grant that it might cause delay in the prosecution, this is generally an advantage to one charged with crime, because time dulls the edge of prosecution; and certain it is less likely that twenty-three citizens of intelligence, uprightness, and experience will further a frivolous prosecution than that a single citizen, influenced perhaps by spite or other ill-feeling, will be willing to harass a man, even though he might anticipate that the trial would result in an acquittal. It seems to me it was the clear intention of the legislature that this right of demanding an indictment in the city court of Blakely, whatever it might be worth, was to be exercised by the defendant upon arraignment for trial, and that the original call referred to the first call of the case when the defendant is present. Certainly the defendant could not be arraigned in his absence; and I consider it equally well settled that waiver extends to the relinquishment of known rights only. I think the trial judge must first have construed this law as I construe it, because it appears that upon the first call of the case the defendant's bond was formally forfeited, though no rule nisi was issued. Thereafter, during that term of the court, there was no obligation upon the judge to call the case again. It was optional with him if he did not again sound it upon the docket, and yet, as soon as the defendant came in, the judge again called the

case. The code requires the judge in the superior court, and other courts governed by its rules, to call all cases in the order in which they are docketed, without any preference, unless in his discretion a different order be pursued for the purpose of giving facility and expedition to the proceedings, or for furthering the ends of justice. Civil Code, § 6284. The judge is not required to indulge in repeated calling of the same case for the convenience of the parties. But aside from what was done by the court in the present case, I am fixed in the opinion that the words "original call," as used in this statute, refer to a call when the defendant is present and when he has an opportunity to demand or waive indictment by the grand jury; for the reason that any other construction would in many cases result in a perversion of the law and the possibility of a denial of the right. In saying this no reference to the case at bar or to the very upright judge who presided is intended. But there can be cases (affected by the same provision, not only as to the city court of Blakely, but as to a number of other courts in this State) in which a strict construction, confining the words "original call" to the first time the case is called upon the docket, would compel the presumption that the right to demand indictment had been waived, although the party charged with a misdemeanor might, as a matter of fact, never have had an opportunity of asserting this right.

When an affidavit is made, charging one with a misdemeanor, the solicitor can draw an accusation upon the affidavit, and this accusation is entered upon the docket of the judge. When the trial judge begins to call his docket, calling it in its order, he very seldom knows which defendants have been arrested, and which have not, until after he has called the case and a report has been made by the sheriff, or other officer. And yet, in such a case, one against whom an accusation had been preferred and legally entered upon the docket, but who had not been arrested, and perhaps had never heard of the charge, would (under the construction now given by the majority of this court) be deprived of the right of demanding that the charge against him be investigated by the grand jury of his county. Of course, in the present case the defendant had been arrested, and was under bond, and he should have been in court; but as he could not be tried in his absence, and as the demand for indictment must be considered as a part of the trial, he could not

waive the right to an indictment, unless he was present in court when his case was called, if, as it seems to me, no defendant can waive or forfeit a right until he has had an opportunity to claim the benefit of that right.

The allowance of an opportunity to the defendant to be present before he is deprived of that right can not entail any greater delay in the cause than was intended by the legislature; for if a case against a defendant who is under bond is called in his absence, the judge can, in his discretion, if it be promotive of the ends of justice, call the case again after the defendant has come in, and the right of the defendant at this call in his presence will be no greater than it originally was.